IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KINNEY LEE FIELDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1565-S-BN |
| | § | |
| KEVIN KELLEY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Kinney Lee Fields filed a *pro se* complaint against his former employer alleging wrongful employment practices. *See* Dkt. No. 3. The presiding United States district judge referred the complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The Court previously granted Fields's motion for leave to proceed *in forma pauperis* (IFP), which subjects his complaint to screening under 28 U.S.C. § 1915(e)(2). *See* Dkt. Nos. 4, 6. And the undersigned now enters findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court should dismiss the complaint.

**Legal Standards**

Section 1915(e)(2) authorizes the Court to dismiss a complaint filed IFP if it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per

curiam). So the pleading requirements as set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to the Court's screening of a complaint filed IFP.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

In sum, to survive dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

And "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

**Analysis**

Liberally construed, Fields alleges claims for discrimination and retaliation based on sex and race. *See* Dkt. No. 3 at 3-5, 8.

According to Fields, he "was held to a different standard" as "the only Black/African American Manager." *Id.* at 8. The one example he provides is that "after a customer incident I was insulted cursed at and disciplined by Owner Kevin Kelley while the other Manager present of race (white) was not." *Id.*

Fields next alleges that Kelley "made derogatory homophobic comments about an employee on a company phone WhatsApp chat." *Id.* Fields explains that he "read [the] homophobic rant as it unfolded and did not comment." *Id.* But, two hours later, Kelley "addressed [Fields's] lack of comments in the chat stating no response uh? but

you see my comments, gotcha." *Id.* Fields alleges that he was removed from the chat and that "[i]t had been a common practice that when an employee was removed from the company chat that represented termination." *Id.* Fields next alleges that his termination was confirmed that evening. *See id.*

Preliminarily, while Fields alleges that his employer violated both Title VII of the Civil Rights Act of 1964 and Texas Labor Code Chapter 21, *see* Dkt. No. 3 at 3, claims under Chapter 21 are analyzed as Title VII claims, because "[t]he legal framework governing claims under [Chapter 21 of the Texas Labor Code] is the same as for claims brought under Title VII," *Khalfani v. Balfour Beatty Cmtys., L.L.C.*, 595 F. App'x 363, 365 n.1 (5th Cir. 2014) (per curiam) (citations omitted).

And, as the allegations reflect, Fields's sex-based claims appear to be based on sexual orientation, which is a protected status under Title VII. *See Bostock v. Clayton Cnty., Ga.*, 140 S. Ct. 1731, 1754 (2020) ("In Title VII, Congress adopted broad language making it illegal for an employer to rely on an employee's sex when deciding to fire that employee." So "a necessary consequence of that legislative choice" is that "[a]n employer who fires an individual merely for being gay or transgender defies the law.").

But the factual content Fields alleges stops short of showing that his former employer plausibly violated Title VII.

To plausibly allege (and ultimately prove) discrimination and retaliation claims against an employer requires that a plaintiff either rely on direct evidence of discrimination or proceed under a burden-shifting analysis.

"'[D]irect evidence is rare'" and has been defined by the United States Court of Appeals for the Fifth Circuit "as 'evidence which, if believed, proves the fact without inference or presumption.'" *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 579 (5th Cir. 2020) (footnotes omitted). For example, "'[a] statement or document which shows "on its face that an improper criterion served as a basis – not necessarily the sole basis, but a basis – for the adverse employment action [is] direct evidence of discrimination."'" *Clark*, 952 F.3d at 579 (footnote omitted).

The facts alleged do not support direct evidence of discrimination or retaliation. So, turning to the first step in the burden-shifting analysis, Fields must allege facts to articulate a prima facie case as to each cause of action alleged.

The prima facie elements of discrimination are that a plaintiff

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citation omitted).

"In the retaliation context, a *prima facie* case requires a showing that (1) [the plaintiff] engaged in a protected activity pursuant to one of the statutes, (2) an adverse employment action occurred, and (3) there exists a causal link connecting the protected activity to the adverse employment action." *Munoz v. Seton Healthcare, Inc.*, 557 F. App'x 314, 321 (5th Cir. 2014) (citation omitted).

A plaintiff need not establish a prima facie case at the pleading stage. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

But a plaintiff must "plead sufficient facts on all of the ultimate elements of his claim to make his case plausible," *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted), so a district court may rely on the prima facie elements "to frame [its] inquiry" at the pleadings stage, *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023); *see also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) (*Raj* "does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." (citations omitted)); *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 387 n.1 (5th Cir. 2017) ("Although not a pleading standard, this court has looked to the 'evidentiary framework' set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to determine whether a plaintiff pleads discriminatory intent." (cleaned up)).

And, as to discrimination, plaintiffs "must plausibly set out facts that the 'defendant took the adverse employment action against [them] *because of* [a] protected status.'" *Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *6 (5th Cir. Nov. 24, 2021) (per curiam) (quoting *Raj*, 714 F.3d at 331; emphasis by *Raj*). That is, as to discrimination based on race or national origin, for example, "a plaintiff must allege 'facts, direct or circumstantial, that would suggest the employer's actions were based on the plaintiff's race or national origin or that the employer treated similarly situated employees of other races or national origin more favorably.'" *Id.* (cleaned up; quoting *Raj*, 714 F.3d at 331).

In sum, at this stage, the Court must ask whether enough facts, accepted as true, allege an actionable claim of employment-based claim. *See Swierkiewicz v.*

- 6 -

*Sorema N.A.*, 534 U.S. 506, 512-13 (2002). And, if a plaintiff "has not pled [enough] facts," it is "proper[ to] dismiss" the complaint. *Meadows*, 731 F. App'x at 318; *see also Cicalese*, 924 F.3d at 766-67 (noting that the district court's "task is to identify the ultimate elements of [the applicable employment-related] claim and then determine whether the" plaintiff has pled those elements but that a "district court err[s if it] require[es a plaintiff] to plead something beyond those elements to survive a motion to dismiss").

Starting with retaliation, Fields fails to allege that he engaged in a protected activity. For example, while internal complaints regarding perceived discrimination may constitute a protected activity for purposes of alleging a retaliation claim, *see, e.g.*, *Rodriguez v. Wal-Mart Stores, Inc.*, 540 F. App'x 322, 328 (5th Cir. 2013) (per curiam) (citation omitted), Fields alleges that he chose not to comment on (or complain about) Kelley's comment.

As to discrimination based on race, Fields's allegations only reveal that he was treated less favorably than a white manager. He does not allege that he then suffered some adverse employment action related to that incident (or otherwise related to treatment based on race).

And Fields's vague allegations concerning this incident – that "after a customer incident [he] was insulted cursed at and disciplined by Owner Kevin Kelley while the other Manager present of race (white) was not" – fail to plausibly show that the other manager counts as a required comparator, an individual of a different race than Fields "under nearly identical circumstances" who was treated more favorably. *Lee v.*

*Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009); *see also Reyna v. Donley*, 479 F. App'x 609, 611-12 (5th Cir. 2012) (per curiam) ("An employee must proffer a comparator who was treated more favorably 'under nearly identical circumstances,' which is satisfied when 'the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories.'" (quoting *Lee*, 574 F.3d at 260)).

Turning finally to discrimination on the basis of sex, even if the Court assumes that Fields was qualified based on his then-current employment and that he was discharged based on the incident alleged, Fields still does not allege that he is a member of a protected group. But, even if his allegations raise a plausible inference that he is, Fields again fails to provide facts to support the final required element: that he was replaced by someone outside his protected group or was treated less favorably than other <u>similarly situated</u> employees outside the protected group.

The Court should therefore dismiss Fields's complaint under Section 1915(e)(2)(B)(ii).

## Leave to Amend

The time to file objections to this recommendation (further explained below) allows Fields an opportunity to cure the deficiencies identified above (that is, to provide enough facts to plausibly allege all elements of the claims asserted) and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant Fields leave to amend. *See Scott v. U.S. Bank*

*Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment').").

If Fields fails to show that leave to amend should be granted, the Court should dismiss this case with prejudice.

**Recommendation**

The Court should dismiss this action with prejudice unless, within the time to file objections, Plaintiff Kinney Lee Fields satisfactorily shows a basis to amend the complaint to allege a plausible claim.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 8, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE