IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KINNEY LEE FIELDS,<br>       Plaintiff,  | §<br>§<br>§<br>§ | |
| v. | § | No. 3:23-CV-1565-S-BW |
| KEVIN KELLEY,<br>       Defendant. | §<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Kinney Lee Fields's amended Complaint for Employment Discrimination, received on August 24, 2023.  (Dkt. No. 9.)  Based on the relevant filings and applicable law, the Court should **DISMISS** the amended complaint with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.  BACKGROUND

On July 13, 2023, Fields filed this pro se lawsuit against his former employer alleging wrongful employment practices under Title VII of the Civil Rights Act of 1964 ("Title VII") and Chapter 21 of the Texas Labor Code ("Chapter 21").  (*See* Dkt. No. 3 at 1-3.)  The Court liberally construed the complaint to allege claims for discrimination and retaliation based on sex and race.  (*See* Dkt. No. 7 at 3.)  By recommendation signed on August 8, 2023, the Court determined that Fields's

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management.  By Special Order No. 3-351, it was transferred and reassigned to the undersigned on August 23, 2024.  (*See* Dkt. No. 11.)

factual allegations failed to plausibly show that his former employer unlawfully discriminated or retaliated against him. (*See id.* at 4-8.) It therefore recommended dismissal of the complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) unless Fields timely showed a basis to amend the complaint to allege a plausible claim. (*See id.* at 9.) Fields objected to the recommendation and requested leave to amend the complaint. (*See* Dkt. Nos. 8-9.) His request for leave to amend was granted, and his amended complaint was deemed properly filed. (*See* Dkt. No. 10.)

In his amended complaint, Fields asserts only allegations of retaliation by his former employer under Title VII, Chapter 21, and the anti-retaliation provision of the Americans with Disabilities Act of 1990 ("ADA"). (*See* Dkt. No. 9 at 5, 7.) He alleges that "Defendant Kevin Kelley made derog[]atory and homophobic remarks about a bartender and then terminated a bartender because his sexual orientation." (*Id.* at 9.) He then alleges that "[a]fter being labeled a homophobe by some employees after word spread of this, Defendant Kevin Kelle[y] terminated [ ] Fields after [Fields] refused to engage in a discussion about terminated employee[']s sexual status and performance." (*Id.*) He seeks monetary damages. (*See id.* at 9-10.)

## II. PRELIMINARY SCREENING

Because Fields has been granted leave to proceed in forma pauperis, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) provides for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it "is frivolous or malicious" or "fails to state a claim on which relief

2

may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted. *Id.* at 555. The same analysis for determining a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) applies to determine whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011).

### III. ANALYSIS

Fields asserts that his prior employer retaliated against him by terminating his employment because Fields "refused to discuss a terminated employee[']s sexual orientation and work status in front of other employees with the Defendant (Owner) Kevin Kelley." (Dkt. No. 9 at 9.)

Title VII and the ADA make it unlawful for an employer to retaliate against an individual because he has opposed any practice made an unlawful employment practice under the relevant statute, or because he has engaged in an activity protected

3

by the relevant statute. ² *See* 42 U.S.C. § 2000e-3(a); 42 U.S.C. § 12203. In the absence of direct evidence of retaliation, as here, courts apply the burden-shifting framework set forth in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). *See E.E.O.C. v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 615 (5th Cir. 2009); *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007), *abrogated on other grounds by Hamilton v. Dallas Cnty.*, 79 F.4th 494 (5th Cir. 2023). To assert a plausible claim under Title VII or the ADA, Fields must "plead sufficient facts on all of the ultimate elements" of a retaliation claim. *Jenkins v. La. Workforce Comm'n*, 713 F. App'x 242, 244 (5th Cir. 2017) (quotation marks and citation omitted). A plaintiff establishes a *prima facie* case of retaliation under the first step of the burden-shifting framework by showing that: (1) he engaged in protected activity under the statute; (2) an adverse employment action occurred; and (3) a causal connection exists between the protected activity and the adverse employment action. *See Munoz v. Seton Healthcare, Inc.*, 557 F. App'x 314, 321 (5th Cir. 2014).

The factual allegations in the amended complaint are insufficient to show that Fields engaged in a protected activity under Title VII or the ADA. Regarding ADA retaliation, Fields alleges no facts pertaining to unlawful employment practices related to disability. As for Title VII retaliation, his allegations show that he did not participate in or complain about the alleged discussion about a former employee's

---

² Claims under Chapter 21 are analyzed under the same legal framework as Title VII claims. *See Khalfani v. Balfour Beatty Cmtys., L.L.C.*, 595 F. App'x 363, 365 n.1 (5th Cir. 2014).

sexual orientation. (*See* Dkt. No. 9 at 9.) The amended complaint merely rehashes and dramatizes the factual allegations of retaliation that he raised in the EEOC charge attached to his original complaint, which the Court addressed in its prior recommendation. (*See* Dkt. No. 3 at 8; Dkt. No. 7.) As the prior recommendation explained, "while internal complaints regarding perceived discrimination may constitute a protected activity for purposes of alleging a retaliation claim, *see, e.g.*, *Rodriguez v. Wal-Mart Stores, Inc.*, 540 F. App'x 322, 328 (5th Cir. 2013) (per curiam) (citation omitted), Fields alleges that he chose not to comment on (or complain about) Kelley's comment." (Dkt. No. 7 at 7.) Because Fields has failed to plead sufficient facts to allege a plausible prima facie case of retaliation under Title VII or the ADA, his amended complaint does not survive judicial screening.[3] The Court should therefore dismiss the amended complaint under § 1915(e)(2)(B)(ii).

## IV.  LEAVE TO AMEND

Notwithstanding a failure to plead sufficient facts, a pro se plaintiff ordinarily should be granted leave to amend his complaint before dismissal. *See Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Leave to amend is not necessary, however, when the plaintiff has already pled his best case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017). Here, Fields

---

[3] To the extent Fields intended the amended complaint to incorporate the discrimination claims addressed in the prior recommendation, the amended complaint contains no new factual allegations relating to such claims. (*See* Dkt. No. 7 at 3-8.) Accordingly, Fields fails to state a claim of sex or race discrimination for the reasons previously discussed. (*See id.* at 7-8.) To the extent considered, the Court should dismiss the amended complaint under § 1915(e)(2)(B)(ii) on this additional basis.

was given the opportunity to amend his complaint, and he took advantage of that opportunity by filing the amended complaint. He has had sufficient opportunity to plead his best case and to supplement his amended complaint over the past year. Further leave to amend therefore is not warranted.

## V.  RECOMMENDATION

The Court should **DISMISS** the amended complaint with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO RECOMMENDED** on October 28, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).